ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR LETTER REQUESTING AN OPINION ADDRESSING THE FOLLOWING QUESTION:
 IN LIGHT OF SECTION 6 OF ARTICLE XIII OF THE OKLAHOMA CONSTITUTION, IS A LOCAL TEXTBOOK COMMITTEE, CREATED PURSUANT TO 70 O.S. 16-111 OF TITLE 70 OF THE OKLAHOMA STATUTES, REQUIRED TO REVIEW FOR ADOPTION THE FULL LIST OF TEXTBOOKS ADOPTED BY THE STATE TEXTBOOK COMMITTEE OR CAN THE SCOPE OF A COMMITTEE'S REVIEW PROCESS BE LIMITED TO ONLY CERTAIN TEXTBOOKS SELECTED FROM THE FULL LIST?
BECAUSE YOUR QUESTION CAN BE ANSWERED BY REFERENCE TO CONTROLLING STATUTORY AND CONSTITUTIONAL PROVISIONS, THIS OFFICE HAS DECIDED TO RESPOND TO YOUR REQUEST THROUGH THIS INFORMAL LETTER. THE DISCUSSION WHICH FOLLOWS IS NOT, THEREFORE, AN OFFICIAL OPINION OF THE ATTORNEY GENERAL BUT REPRESENTS THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
OKLAHOMA CONSTITUTION ARTICLE XIII, SECTION 6, PROVIDES AS FOLLOWS WITH REGARD TO TEXTBOOK SELECTION:
 "THE LEGISLATURE SHALL PROVIDE FOR A SYSTEM OF TEXTBOOKS FOR THE COMMON SCHOOLS OF THE STATE, AND THE STATE THROUGH APPROPRIATE LEGISLATION SHALL FURNISH SUCH TEXTBOOKS FREE OF COST FOR USE BY ALL PUPILS THEREIN. THE LEGISLATURE SHALL AUTHORIZE THE GOVERNOR TO APPOINT A COMMITTEE COMPOSED OF ACTIVE EDUCATORS OF THE STATE, WHOSE DUTY IT SHALL BE TO PREPARE OFFICIAL MULTIPLE TEXTBOOK LISTS FROM WHICH TEXTBOOKS FOR USE IN SUCH SCHOOLS SHALL BE SELECTED BY COMMITTEES COMPOSED OF ACTIVE EDUCATORS IN THE LOCAL SCHOOL DISTRICTS IN A MANNER TO BE DESIGNATED BY THE LEGISLATURE."
THUS, THE CONSTITUTION ESTABLISHES THAT THERE SHALL BE SELECTION COMMITTEES IN THE LOCAL DISTRICTS WHICH SHALL SELECT TEXTBOOKS FROM AN OFFICIAL TEXTBOOK LIST PREPARED BY A STATE COMMITTEE, BUT THE COMPOSITION AND PROCEDURE FOR THOSE COMMITTEES IS LEFT TO THE LEGISLATURE.
THE LEGISLATURE CREATED A STATE TEXTBOOK COMMITTEE AT 70 O.S. 16-101 (1992). IN 70 O.S. 16-102 (1991) THE LEGISLATURE PROVIDES, "SAID COMMITTEE SHALL SELECT TEN TEXTBOOKS OR SERIES OF BOOKS FOR EACH SUBJECT, BUT IF THERE ARE NOT TEN BOOKS SATISFACTORY TO THE COMMITTEE, THEN IT MAY SELECT ONLY SUCH BOOKS AS ARE IN ITS JUDGMENT SATISFACTORY FOR SUCH SUBJECT."
TITLE 70 O.S. 16-111 (1991) PROVIDES FOR LOCAL TEXTBOOK COMMITTEES. SUBSECTION (A) 70 O.S. 16-111(A) STATES AS FOLLOWS:
 "THE SUPERINTENDENT OF SCHOOLS OF EACH INDEPENDENT SCHOOL DISTRICT SHALL APPOINT A LOCAL TEXTBOOK COMMITTEE CONSISTING OF NOT FEWER THAN THREE NOR MORE THAN NINE MEMBERS. EACH COMMITTEE SHALL HAVE ONE LAY MEMBER, WITH THE REMAINDER OF THE MEMBERS BEING TEACHERS EMPLOYED IN THE PUBLIC SCHOOLS OF THE DISTRICT, A MAJORITY OF WHOM SHALL BE CLASSROOM TEACHERS. THE SUPERINTENDENT OF SCHOOLS OR A DESIGNEE WHO SHALL BE A PRINCIPAL OR A CURRICULUM SPECIALIST SHALL SERVE AS CHAIRMAN OF SUCH LOCAL TEXTBOOK COMMITTEE."
THIS STATUTE SPECIFIES THE COMPOSITION OF THE LOCAL COMMITTEE.
THE DUTIES OF THE COMMITTEE ARE SET OUT IN 70 O.S. 16-111(D), WHICH SAYS, IN PART:
 "ON OR BEFORE A DATE TO BE FIXED BY THE STATE BOARD OF EDUCATION, EACH LOCAL TEXTBOOK COMMITTEE SHALL ADOPT TEXTBOOKS FROM THE MULTIPLE LIST SELECTED BY THE STATE TEXTBOOK COMMITTEE IN SUCH MANNER AS SHALL BE PRESCRIBED BY THE STATE BOARD OF EDUCATION."
THE LOCAL COMMITTEE THUS HAS A STATUTORY MANDATE TO ADOPT TEXTBOOKS, AND THOSE BOOKS MUST COME FROM THE MULTIPLE LIST SELECTED BY THE STATE TEXTBOOK COMMITTEE.
NEITHER THE CONSTITUTION NOR THE STATUTES SET FORTH SPECIFIC REQUIREMENTS AS TO THE NUMBER OF BOOKS TO BE REVIEWED BY THE LOCAL COMMITTEE. ARTICLE X, SECTION 6 OF THE CONSTITUTION AUTHORIZES THE LEGISLATURE TO DESIGNATE A MANNER BY WHICH LOCAL COMMITTEES SELECT TEXTBOOKS. THE LEGISLATURE DID NOT SPECIFY THE TYPE OF REVIEW AND SCREENING REQUIRED. SILENCE ON THE PART OF THE LEGISLATURE, WHEN IT HAS THE AUTHORITY TO SPEAK, MAY BE CONSIDERED AS GIVING RISE TO AN IMPLICATION OF LEGISLATIVE INTENT. CITY OF DUNCAN V. BINGHAM, 394 P.2D 456, 460 (OKLA.1964). IT WOULD THEN APPEAR THAT THE LEGISLATURE'S FAILURE TO PROVIDE THE SPECIFIC OF THE SELECTION PROCESS INDICATES THEIR INTENT THAT THE MEANS BY WHICH LOCAL COMMITTEES SELECT THEIR BOOKS ARE WITHIN EACH COMMITTEE'S DISCRETION.
THE ONLY CONSTITUTIONAL REQUIREMENTS FOR LOCAL COMMITTEES ARE THAT TEXTBOOKS FOR USE IN THE COMMON SCHOOLS SHALL BE ELECTED BY SUCH COMMITTEES AND THE COMMITTEES SHALL BE COMPOSED OF ACTIVE EDUCATORS IN THE LOCAL SCHOOL DISTRICTS. FURTHER REQUIREMENTS ARE LEFT TO THE LEGISLATURE.
STATUTORILY, THE LEGISLATURE HAS MANDATED THAT THE LOCAL COMMITTEES CONSIST OF NOT FEWER THAN THREE NOR MORE THAN NINE MEMBERS, ONE OF WHICH MUST BE A LAY MEMBER. THE LEGISLATURE HAS FURTHER MANDATED THAT THE LOCAL COMMITTEES ADOPT TEXTBOOKS FROM THE STATE MULTIPLE LIST.
THERE ARE NO DIRECTIVES AS TO HOW THE SELECTION PROCESS IS TO BE CARRIED OUT. THEREFORE, IN LIGHT OF THE OKLAHOMA CONSTITUTION AND APPLICABLE STATUTES, THERE IS NO REQUIREMENT THAT A LOCAL TEXTBOOK COMMITTEE REVIEW THE FULL LIST OF TEXTBOOKS ADOPTED BY THE STATE TEXTBOOK COMMITTEE, BUT WHICHEVER BOOKS THEY SELECT MUST COME FROM THAT LIST.
(GAY ABSTON TUDOR)